UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ryan Roach, et al.,

Plaintiffs,

v.

Premium Merchant Funding LLC, et al.,

Defendants.

26-CV-1139 (DEH)

Tyler Cardosa, et al.,

Plaintiffs,

v.

Premium Merchant Funding One, LLC, et al.,

Defendants.

26-CV-5429 (DEH)

ORDER

DALE E. HO, United States District Judge:

On October 21, 2026 a motion to consolidate was filed on the docket of *Roach v. Premium Merchant Funding LLC*, No. 26 Civ. 1139. *See Roach v. Premium Merchant Funding LLC*, No. 26 Civ. 1139, ECF No. 41. The motion requests that the Court consolidate the *Roach* action with *Cardosa v. Premium Merchant Funding One, LLC*, No. 26 Civ. 5429 under Fed. R. Civ. P. 42(a); designate the *Roach* action as the lead case; and direct that future filings in the consolidated proceedings be made on the docket for the *Roach* action, No. 26 Civ. 1139. Pursuant to the Court's October 23, 2026 Order, *Roach*, ECF No. 42, Defendants in the *Roach* and *Cardosa* actions each filed a response. *See Roach*, ECF No. 43; *Cardosa*, ECF No. 22. All Defendants do not oppose consolidation for pretrial purposes under specific conditions, which the Court summarizes as follows:

1. that consolidation is for pretrial purposes only, that each action retains its separate identity, pleadings, defenses, and judgment, and that filings on the lead docket identify the action or actions to which they relate;
2. that no party's claims, defenses, counterclaims, admissions, or positions in one action are deemed asserted in, or binding in, the other;
3. that consolidation is without prejudice to any party's position on conditional certification under 29 U.S.C. § 216(b) or class certification under Fed. R. Civ. P. 23, and that any such motion must be supported by a showing specific to the named plaintiff or plaintiffs and the collective or class proposed in each action;
4. that consolidation does not moot, defer, or otherwise affect any pending or anticipated pleading motion in either action;
5. that the parties will submit a stipulated protective order before documents are exchanged across the actions, and that materials and communications exchanged in connection with mediation under Local Civil Rule 83.9 remain confidential and may not be used in the other action absent agreement or court order;
6. and that within 21 days of entry of this Order, the parties will meet and confer and submit a joint proposed case management plan for the consolidated proceedings.

*See Cardosa*, ECF No. 22, at 3; *see also Roach*, ECF No. 43, at 1 (joining in the letter filed by the *Cardosa* Defendants, including its listed conditions). Plaintiffs, in a reply, do not object to consolidation under these conditions. *See Roach*, ECF No. 44, at 1.[1]

---

[1] Plaintiffs do, however, object to the *Roach* Defendants' additional request that "no motion under 29 U.S.C. § 216(b) be filed in this proceeding until the pleadings . . . are closed." *Roach*, ECF No. 43, at 2; *see Roach*, ECF No. 44, at 1-2. Because this is a matter of pretrial management distinct from the question of consolidation, the Court does not resolve any such dispute here. The parties may raise this matter with Magistrate Judge Cave consistent with the conditions of consolidation described in this Order.

The Court has reviewed the motion to consolidate and has determined that, because the above-captioned matters involve common questions of law and fact, consolidation is appropriate under Fed. R. Civ. P. 42(a) in the interests of judicial economy. The Court also agrees with Defendants that limited consolidation for pretrial purposes, with the conditions described above, will best balance the interests of case-management efficiency and the separate identity of these actions. The motion to consolidate is **GRANTED IN PART**. These two actions shall be consolidated for pretrial management purposes under the conditions listed above. Within 21 days, the parties are directed to meet and confer and submit a joint proposed case management plan for the consolidated proceedings.

SO ORDERED.

Dated: November 5, 2026
New York, New York

DALE E. HO
United States District Judge